■ In the Matter of the Claim of SALLY HERMAN, on Behalf of Herself and Minor Son, Respondent, against GREENPOINT BARREL & DRUM RECONDITIONING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from the decision of the Workmen's Compensation Board in a death claim. The employer on December 21, 1953, gave a party on his premises — as it was the custom — to celebrate the holiday season. He furnished quantities of intoxicating liquor and food. The decedent, with a coemployee, engaged in a contest as to who could drink the other " under the table " and the record discloses that the intoxicating liquors were drunk by the cupful. Later he was found asleep and the employer took him home where he was placed in bed. Shortly thereafter, about 6:00 P.M., he stopped breathing, and upon examination was found dead. An autopsy was performed, the doctor in his report stating that death was due to pulmonary edema and acute alcoholism. The board in its findings in favor of the claimant determined that the furnishing of alcohol at a Christmas party improved employer-employee relations and assisted in building morale among the employees, constituting a risk of employment and that " Since the employer furnished the risk, he should be held responsible for any injuries which resulted to his employees." While the occurrence took place upon the premises of the employer, who furnished the liquor and food, it is no basis for a finding in favor of the claimant. The intoxication was the result of excessive personal use of alcohol which departed from any rational relationship to the work. In fact, there was no finding of accident only the furnishing of the risk. The " risk " had no relationship to decedent's employment but the risk — if that is what it may be called — was created solely by the voluntary conduct of the decedent. To extend the intent of the Workmen's Compensation Law to the facts herein is untenable. The medical testimony unequivocally states that death was due to " acute alcoholism ". Section 10 of the Workmen's Compensation Law denies the right to compensation where the injury has been solely occasioned by intoxication. The case of *Matter of McCarthy* v. *Remington Rand* (275 App. Div. 866, affd. 300 N. Y. 715) is not applicable as a precedent for the facts herein. Decision and award of the Workmen's Compensation Board reversed and claim dismissed, without costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.