740 P.2d 484

**David LEMMON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Kamsco, Respondent Employer,**

**Insurance From CNA, Respondent Carrier.**

**No. 1 CA–IC 3441.**

Court of Appeals of Arizona, Division 1, Department A.

July 3, 1986.

Review Denied Oct. 15, 1987.

Charles M. Wilmer, P.C. by Charles M. Wilmer, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by David W. Earl, J. Victor Stoffa, Larry L. Smith, Phoenix, for respondents employer and carrier.

## OPINION

JACOBSON, Presiding Judge.

This special action review arises from the Industrial Commission's decision regarding claimant Lemmon's assertion that he suffered industrial injuries arising out of his employment with respondent KAMSCO.

For approximately five months prior to the incident in question, claimant worked for KAMSCO as an electrician's helper. During this period, claimant and other KAMSCO employees performed construction work at a condominium complex. Portions of the complex had been completed, sold and occupied by residents. KAMSCO expressly prohibited its employees from entering completed areas during work hours.

On Saturday, September 22, 1984, claimant and his co-employees worked on an uncompleted portion of the complex from approximately 7:00 a.m. until 12:00 noon. Viewed in a light most favorable to sustaining the award, the evidence indicates the following events took place after work ceased on September 22. Claimant and a co-worker left the construction site, purchased beer, and returned to the site, where they consumed beer with other KAMSCO employees until approximately 1:30 p.m. Claimant and his co-workers joined in this activity without the knowledge or consent of their supervisor, Bruno

Klasener. At 1:30 p.m., claimant and one other KAMSCO employee entered a swimming pool area adjacent to the construction site. This swimming pool was located in the completed, occupied portion of the condominium complex prohibited to KAMSCO employees. Claimant continued to drink beer, and at approximately 4:15 p.m., after consuming ten to thirteen beers, claimant climbed to the roof of a condominium unit nearby and attempted to dive into the pool. Claimant's attempted dive failed to reach the water, and he sustained numerous injuries from his impact with the pool deck.

Claimant filed a Report of Injury with the Industrial Commission, alleging that his injuries from the diving accident arose out of and in the course of his employment with KAMSCO. CNA, the respondent carrier, issued a Notice of Claim Status denying claimant's request for benefits. Claimant subsequently filed a Request for Hearing, and formal hearings followed.

The administrative law judge heard testimony of several witnesses, including claimant, his co-workers, eyewitnesses to the accident and surrounding circumstances, Bruno Klasener (claimant's supervisor) and Dr. Edward B. Waldman, M.D. Evidence presented through these witnesses established Bruno Klasener regularly provided beer to KAMSCO employees, including claimant, at the construction site on Fridays, after work ceased and the employees received their paychecks. Klasener purchased enough beer on these occasions to equal approximately two to three beers per person. No employees were required to remain after work ceased for this social activity that rarely lasted longer than one and a half hours. None of the KAMSCO employees who testified recalled anyone departing from these brief Friday gatherings in an intoxicated state.

The evidence further indicated Bruno Klasener was unaware KAMSCO employees drank at the job site after work on the few Saturdays their services were needed. Klasener admitted having discovered KAMSCO employees, other than claimant, drinking alcohol during work hours on a Saturday at least one year prior to claimant's accident. He testified that upon realizing these workers had been drinking, he severely reprimanded them and sent them home.

After considering this evidence, the administrative law judge concluded that claimant's injuries were not industrially related, stating:

It is believed in the instant case that applicant's overindulgence and loss of judgment should not be an industrial responsibility and that applicant's excessive drinking which resulted in injury was the result of applicant's own appetites and not the consequence of company supported or tolerated activity.

While it is conceivable applicant may have had a beer while working prior to 12:00 noon, it is not believed such drinking was encouraged or tolerated by the employer. It is further believed that applicant's consumption of beer began about 12:00 noon following work and ended off the job site at about 4:15 p.m. The mere fact of on-site drinking between 12:00 noon and 1:30 p.m. without other nexus to employment should not constitute a basis for finding applicant sustained an injury by accident arising out of and in the course of his employment.

The administrative law judge reached these conclusions after determining that no Arizona case law directly on point existed to resolve whether claimant's injuries were compensable. The judge accordingly considered the holdings in *McCarty v. Workmen's Compensation Board*, 12 Cal.3d 677, 117 Cal.Rptr. 65, 527 P.2d 617 (1974) and *Herman v. Greenpoint Barrel & Drum Reconditioning Co.*, 9 A.D.2d 572, 189 N.Y.S.2d 353 (1959), *aff'd*, 8 N.Y.2d 880, 203 N.Y.S.2d 922, 168 N.E.2d 721 (1960), in deciding the present case. The decision below was affirmed on review and claimant filed the instant special action petition.

We must decide the sole question whether claimant's injuries arose out of and in the course of his employment with KAMSCO. Claimant specifically presents the question whether his intoxication arose out

of and in the course of such employment. He contends such intoxication led him to assume a risk, in diving from the condominium roof, he otherwise would not have assumed.

Claimant's argument in this respect places the instant case beyond the boundaries of our holding in *Anderson Clayton & Co. v. Industrial Commission*, 125 Ariz. 39, 607 P.2d 22 (App.1979). In *Anderson Clayton*, we addressed the question whether injuries sustained by an employee who jumped seventy feet from a conveyor belt to a cottonseed pile were compensable under our workers' compensation law. Such injuries were held noncompensable, even though the incident occurred during work hours and on the employer's premises, because the horseplay involved was so far astray of normally expected horseplay that it did not arise "in the course of" the claimant's employment. As noted previously, however, the present claimant does not simply maintain that his diving attempt arose in the course of his employment. Rather, he requests that we focus upon his intoxication as the work-related catalyst for his horseplay conduct and the proximate cause of his injuries. We reject claimant's arguments for several reasons.

■ We initially note that an analysis of Arizona case law on "recreational injuries" in the workers' compensation context is helpful in resolving the issue before us. Recreational injuries suffered by an employee may be compensable, depending upon (1) the degree of employer sponsorship and control; (2) the location and time of the activity; (3) the degree of compulsion to attend; and (4) the nature and degree of benefit to the employer. *Atkison v. Industrial Commission*, 26 Ariz.App. 6, 545 P.2d 968 (1976) (applying 1A A. Larson, *The Law of Workmen's Compensation* §§ 22.00, 22.23 (1985)). *See* Annot., 47 A.L. R.3d 566 (1973). *Cf. Truck Insurance Exchange v. Industrial Commission*, 22 Ariz.App. 158, 524 P.2d 1331 (1974) (applying analogous standard).

■ In applying these criteria to the present circumstances, we find KAMSCO neither sponsored nor controlled employee drinking at the job site other than the limited Friday afternoon drinking. Counsel for Lemmon has emphasized that KAMSCO employees could drink as much beer as they wished during these relatively brief gatherings at the end of the work week, implying that KAMSCO both tolerated and encouraged intoxication at the job site in question. This assertion directly contradicts the administrative law judge's factual finding that KAMSCO neither supported nor tolerated excessive drinking by its employees. Ample evidence exists to buttress this finding. All witnesses, other than claimant, testified that the Friday afternoon drinking involved limited quantities of alcohol, rarely lasted longer than one and one-half hours after paychecks were distributed and did not lead to employee intoxication.

Moreover, no evidence presented below, other than claimant's testimony, indicates KAMSCO or any of its supervisors tolerated employee consumption of alcohol during or after work hours at anytime other than Friday afternoons. Hence, the administrative law judge's determination that KAMSCO never sponsored or controlled employee intoxication and did not sponsor or control employee consumption of alcohol outside the regular Friday afternoon setting is reasonably supported by the evidence.

Additionally, the job-site location of claimant's drinking on the Saturday his accident occurred is not issue determinative. As the administrative law judge recognized, such a fact is only one aspect of the totality of circumstances to be considered and is not alone sufficient to establish a nexus between claimant's intoxication and his employment. We note that because the job was not of the type subject to employer control over when employees entered or left the premises, KAMSCO had no means available to prevent its employees from remaining on the property long after work-related conduct ceased. We also find the judge's conclusion that the beer drinking in question commenced after work ended at noon is reasonably supported by the testimony of various witnesses. Claimant does not dispute that this drinking continued around the completed pool area, an area KAMSCO prohibited its employees from

entering, until approximately 4:15 p.m. Thus, we are unable to hold that claimant has established a sufficient connection between his conduct and his employment, in terms of the location and time of his intoxication, for purposes of finding compensability.

Neither party alleges KAMSCO compelled its employees to consume alcoholic beverages. We therefore need not discuss this element of our recreational injury standard, except to emphasize employer compulsion is not necessary to a finding of compensability. *Atkison v. Industrial Commission, supra; Truck Insurance Exchange v. Industrial Commission, supra.*

Finally, we turn to claimant's contention that KAMSCO benefitted from the construction site drinking in the form of employee good will. Bruno Klasener, claimant's KAMSCO supervisor, conceded he provided a limited quantity of beer on Friday afternoons to garner such good will. In our view, this benefit cannot reasonably be said to arise from Saturday afternoon drinking, where KAMSCO supervisors neither took part in nor consented to such activity. In sum, we conclude that claimant's intoxication did not arise in the course of his employment.

We similarly hold claimant's intoxication did not "arise out of" his employment. This determination is supported by the reasoning set forth in *Zambonini v. Industrial Commission,* 25 Ariz.App. 493, 544 P.2d 710 (1976). In *Zambonini,* the claimant suffered a myocardial infarction after overeating during a business conference dinner. We ruled the claimant's injury was not compensable pursuant to Arizona's workers' compensation law, as it did not "arise out of" his employment. As indicated in *Zambonini,* the phrase "arising out of" refers to the origin or cause of the injury, whereas the phrase "in the course of" refers to the time, location and circumstances surrounding the injury. Zambonini's myocardial infarction failed to meet the "arising out of" prong of the compensability test, because "the over-eating done by Zambonini, assuming that it was a contributing cause to [sic] his heart attack, was not a risk inherent in the employment." *Id.* at 496, 544 P.2d at 714. In so holding,

we approved the New York Court of Appeal's rationale in *Herman v. Greenpoint Barrel & Drum Reconditioning Co.,* 8 N.Y.2d 880, 203 N.Y.S.2d 922, 168 N.E.2d 721 (1960). In *Herman,* an employer organized and sponsored a Christmas party during which alcoholic beverages were consumed. The claimant participated in a drinking contest and subsequently died of acute alcoholism. The *Herman* court indicated the risk of over-drinking did not arise out of the claimant's employment, but rather arose from the claimant's voluntary actions. As we stated in *Zambonini,* such voluntary actions as overeating and drinking to excess on the part of an employee have their origin in purely personal motivations, as opposed to the employment relationship, in the absence of indications the employer either directly encouraged or benefitted from such activities.

We accordingly find claimant has failed to establish his injuries arose out of or in the course of his employment. The administrative law judge properly determined claimant's injuries were not compensable. The award is affirmed.

FROEB, C.J., and EUBANK, J., concur.